**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

*File Electronically*

**CASE NO.:** _____

**KEVIN SHANKS**
**and**
**REBECCA SHANKS**                                                    **PLAINTIFFS**
**819 Fifth Avenue**
**Dayton, KY  41074**

**v.**

**TRANS CARRIERS, INC.**                                          **DEFENDANTS**
**1120 Garrison Avenue, #200**
**Fort Smith, AR  72901**
　　　　　**SERVE:**　　　**KENTUCKY SECRETARY OF STATE**
　　　　　　　　　　　　　**Pursuant to KRS 454.210**
　　　　　　　　　　　　　**(Kentucky Long Arm Statute)**

**and**

**TRANS CARRIERS, INC.**
**5135 US Highway 78**
**Memphis, TN  38118-7819**
　　　　　**SERVE:**　　　**KENTUCKY SECRETARY OF STATE**
　　　　　　　　　　　　　**Pursuant to KRS 454.210**
　　　　　　　　　　　　　**(Kentucky Long Arm Statute)**

**and**

**CHEROKEE INSURANCE COMPANY**
**2700 Howard Street**
**Port Huron, MI  48060**
　　　　　**SERVE:**　　　**CT CORPORATION SYSTEM**
　　　　　　　　　　　　　**306 WEST MAIN STREET, SUITE 512**
　　　　　　　　　　　　　**FRANKFORT, KY  40601**

**and**

**JAMES P. MASON**
**12648 County Road 26**
**Scottsboro, AL  35768**
        **SERVE:        KENTUCKY SECRETARY OF STATE**
                        **Pursuant to KRS 454.210**
                        **(Kentucky Long Arm Statute)**

## COMPLAINT WITH JURY DEMAND

Comes now the Plaintiffs, Kevin Shanks and Rebecca Shanks, (hereinafter Shanks) by and through their undersigned counsel, and for their Complaint with Jury Demand (the "Complaint") state as follows:

## I.        INTRODUCTION

1.        Plaintiffs are seeking monetary damages against the Defendants for committing acts or omissions of negligence, gross negligence, negligence per se, vicarious liability, negligent hiring, negligent training, negligent supervision, negligent entrustment and negligent retention against the Plaintiffs, stemming from a tractor-trailer and automobile crash, in which the subject tractor-trailer made an unsafe lane change causing Plaintiffs vehicle to run off the road striking the guardrail.

## II.        PARTIES

2.        Plaintiffs, Kevin D. Shanks and Rebecca Shanks are now and at all times relevant hereto residents and citizens of Dayton, Campbell County, and Commonwealth of Kentucky, which is situated within the Eastern District of Kentucky, of the United States Federal Court system.

3.        The Plaintiffs are informed and believe, and thereon allege that Defendant Trans-Carriers, Inc. is an Arkansas corporation and a citizen and resident of the State of

Arkansas with a principal office address of 1120 Garrison Ave., #200, Fort Smith, AR 72901.

4.      The Plaintiffs are informed and believe, and thereon allege that Defendant Trans-Carriers, Inc. is now and was at all times relevant hereto a citizen of states other than the Commonwealth of Kentucky, being is a foreign corporation with the Tennessee Secretary of State and its Registered Agent for Service of Process is Jerry Pounders, 5135 US Highway 78, Memphis, TN  38118-7819.

5.      The Plaintiffs are informed and believe, and thereon allege that Defendant Trans-Carriers, Inc., by and through its agent, Defendant James P. Mason, was operating a motor vehicle and otherwise doing business in the Commonwealth of Virginia and Alleghany County.

6.      The Plaintiffs are informed and believe, and thereon allege that Defendant James P. Mason, (hereinafter "Mason") is now and was at all times relevant hereto a resident of the state of Alabama, and resides at 12548 County Road 25, Scottsboro, AL  34568.

7.      The Plaintiffs are informed and believe, and thereon allege that Defendant Mason was an independent contractor, or otherwise an agent of Trans-Carriers, Inc. and was acting under the control and direction of Trans-Carriers, Inc.

8.      The Plaintiffs are informed and believe, and thereon allege that Defendant Cherokee Insurance Company ("Cherokee") is a corporation authorized to conduct business in Kentucky.   Defendant Cherokee issued to Defendant, Trans-Carriers, Inc. a liability insurance policy that was in effect on May 24, 2013, and that provides bodily insurance coverage in the event of a collision and injury.

### III.    JURISDICTION AND VENUE

9.    There is complete diversity of citizenship between Plaintiffs Shanks and Defendants Trans Carriers, Inc., James P. Mason and Cherokee Insurance Company and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; consequently, this Court has subject matter jurisdiction over Plaintiffs' claims and causes of action against Defendants pursuant to federal diversity of citizenship statute 28 U.S.C. § 1332.

10.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 and other applicable law.

### IV.    GENERAL FACTUAL ALLEGATIONS

11.    The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

12.    At approximately 7:45 a.m. on May 24, 2013, Plaintiff Kevin Shanks was operating his 2007 Jeep Compass with all due care, in his lane of travel on Interstate 64 in Alleghany County, Virginia.  Plaintiff Rebecca Shanks was his passenger.

13.    At said time and place, Defendant Mason was also driving in the adjacent lane of travel, on Interstate 64 in Alleghany County, Virginia in a tractor-trailer, which was owned by Defendant Trans Carriers, Inc., when he, without warning changed lanes and struck the Plaintiffs' vehicle causing it to collide with the guardrail.

14.    This portion of Interstate 64 is a public roadway within Alleghany County and the Commonwealth of Virginia.

15.     The Police Crash Report (the "Traffic Collision Report") associated with this vehicle and tractor-trailer crash, attached as **Exhibit A**, states that the tractor-trailer and its load totaled greater than 26,000 pounds.

16.     The Traffic Collision Report also states, that at said time and place, the roadway character was curved, the roadway condition was dry, the weather was clear, and it was daylight.

17.     At said time and place, Defendant Mason changed lanes suddenly and without warning, striking the Plaintiffs vehicle causing them to run off the road and into the guardrail, as listed on The Traffic Collision Report.

18.     The Traffic Collision Report lists an "improper or unsafe lane change" as the vehicular factor contributing to this tractor-trailer sideswipe crash.

19.     As a direct and proximate result of the negligence, carelessness and wanton disregard of the Defendants Mason and Trans Carriers, Inc., Plaintiffs Shanks:

a.     Suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of the capacity for their enjoyment of a normal life;

b.     Was, is, and in the future will be required to undergo medical care and treatment, and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

c.     Was, is, and in the future will be precluded from engaging in normal daily activities and pursuits, including a loss of their ability to earn money and of actual earnings; and,

     d.     Otherwise was hurt, injured and caused to sustain substantial losses.

## V.    COUNT I – NEGLIGENCE
        **(Defendant Mason)**

20.    The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

21.    At said time and place it was the duty of Defendant Mason to exercise due care and caution in the operation of his tractor-trailer having due regard for the safety of Plaintiffs Shanks, as well as other motorists and vehicles that may be traveling on the roadway.

22.    Defendant Mason breached his duty to Plaintiffs Shanks and is therefore liable for one or more of the following negligent and/or gross negligent acts or omissions:

     a.     Negligently and carelessly operating the subject tractor-trailer without due regard for the safety of other vehicles rightfully and lawfully along a public roadway;

     b.     Negligently and carelessly operating the subject tractor-trailer at a high, dangerous and excessive rate of speed under the circumstances then and there existing;

     c.     Negligently and carelessly operating the subject tractor-trailer without sufficient control for the conditions prevailing along said roadway;

     d.     Failing to observe due care and precaution, and to maintain proper and adequate control of the subject tractor-trailer;

     e.     Driving his vehicle too fast and in such a manner that his operation of the vehicle became dangerous for the prevailing roadway traffic conditions;

    f.      Failing to exercise reasonable care in the operation of the subject tractor-trailer under the circumstances then and there existing;

    g.      Driving the subject tractor-trailer in disregard of the prevailing roadway traffic conditions so as to constitute a driving hazard;

    h.      Failure to maintain an adequate lookout for other vehicles in and/or near his path of travel;

    i.      In other respects not now known to the Plaintiffs, but which may become known before or at the time of trial.

23.    The Plaintiffs' losses were, are, and will be due solely to and by reason of the negligence, gross negligence, carelessness and/or wanton disregard of the Defendant, and without the Plaintiffs having contributed to their own losses by any negligent act, omission, or want of due care on their part.

24.    As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Mason, Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

## VI.    COUNT II – VICARIOUS LIABILITY
          (Defendant Trans Carriers, Inc.)

25.    The Plaintiffs repeat, re-alleges and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

26.    At said time and place, Defendant Mason was acting within the course and scope of his employment with Defendant Trans Carriers, Inc.

27.    Under the doctrine of Respondeat Superior, Defendant Trans Carriers, Inc., as employer of Defendant Mason, is vicariously liable for the negligence and/or gross negligence of Defendant Mason while he is acting within the course and scope of this employment with Defendant Trans Carriers, Inc.

28.    As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Mason, Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

## VII.    COUNT III – NEGLIGENCE
### (Defendant Trans Carriers, Inc.)

29.    The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

30.    At said time and place it was the duty of Defendant Trans Carriers, Inc., as the owner of the subject tractor and/or trailer, to exercise due care and caution in the maintenance of its tractor and/or trailer having due regard for the safety of Plaintiffs Shanks, as well as other motorists and vehicles that may be traveling on the roadway.

31.    Defendant Trans Carriers, Inc. breached its duty to Plaintiffs Shanks and is therefore liable for one or more of the following negligent and/or gross negligent acts or omissions:

      a.    Negligently and carelessly maintaining the subject tractor-trailer's operation without due regard for the safety of other vehicles rightfully and lawfully along a public roadway;

     b.     Negligently and carelessly allowing the subject tractor-trailer to be operated in its negligently maintained condition without due regard for the safety of other vehicles rightfully and lawfully along a public roadway;

     c.     In other respects not now known to the Plaintiffs, but which may become known before or at the time of trial.

32.    The Plaintiffs' losses were, are, and will be due solely to and by reason of the negligence, gross negligence, carelessness and/or wanton disregard of the Defendant, and without the Plaintiffs having contributed to their own losses by any negligent act, omission, or want of due care on their part.

33.    As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Trans Carriers, Inc., Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

**VIII.   COUNT IV – NEGLIGENCE PER SE**
       **(Defendant Mason)**

       **FEDERAL MOTOR CARRIER SAFETY ACT**

34.    The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

35.    At said time and place, Plaintiffs Shanks were members of the motoring public and were within the scope of persons intended to be protected by the Federal Motor Carrier Safety Act as set forth pursuant to Title 49 of the United States Code, Code of Federal Regulations and other applicable law.

36.    At said time and place, the subject tractor-trailer was a "commercial motor vehicle" and a "motor vehicle" within the meaning of 49 CFR §§ 390, 391, 393 and 396 and other applicable law.

37.    Paragraph (a) of 49 CFR § 396.7, titled _Unsafe Operations Forbidden_ provides in part that, "A motor vehicle shall not be operated in such a condition as to likely cause an accident…"

38.    At said time and place, Defendant Mason was negligent in driving the subject tractor-trailer by failing to comply with 49 CFR § 396.7(a) and other applicable law, so as to not endanger members of the motoring public like Plaintiffs Shanks, who were involved in this side swiped crash.

39.    At said time and place, Defendant Mason's actions constitute a violation of 49 CFR § 396 and other applicable law.

40.    Plaintiffs Shanks are entitled to recover damages from Defendant Mason pursuant to Title 49 USC and other applicable law.

41.    As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Mason, Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

## IX.    COUNT V – NEGLIGENCE PER SE
    (Defendant Trans Carriers, Inc.)

42.    The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

43.     At said time and place, Plaintiffs Shanks were members of the motoring public and was within the scope of persons intended to be protected by the Federal Motor Carrier Safety Act as set forth pursuant to Title 49 of the United States Code, Code of Federal Regulations and other applicable law.

44.     At said time and place, the subject tractor-trailer was a "commercial motor vehicle" and a "motor vehicle" within the meaning of 49 CFR §§ 390, 391, 393 and 396 and other applicable law.

45.     At said time and place, Defendant Trans Carriers, Inc. was negligent in maintaining the subject tractor-trailer by failing to comply with 49 CFR §§ 393.45, 393.47(a), and other applicable law, so as to not endanger members of the motoring public like Plaintiffs Shanks, who was involved in this side swipe collision.

46.     At said time and place, Defendant Trans Carriers, Inc.'s actions constitute a violation of 49 CFR §§ 393.45, 393.47(a), and other applicable law.

47.     Plaintiffs Shanks are entitled to recover damages from Defendant Trans Carriers, Inc. pursuant to Title 49 USC and other applicable law.

48.     As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Trans Carriers, Inc., Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

## X.   COUNT VI – NEGLIGENT HIRING
### (Defendant Trans Carriers, Inc.)

49.   The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

50.   Defendant Trans Carriers, Inc., as the owner and operator of a tractor-trailer company, owed Plaintiffs Shanks as members of the driving public, a duty to take reasonable steps to prevent injury to the driving public by determining the competency of its drivers to operate a commercial vehicle.

51.   Defendant Trans Carriers, Inc., as the owner and operator of a tractor-trailer company should not have hired Defendant Mason, because Defendant Trans Carriers, Inc. should have known that Defendant Mason was incompetent as a driver at the time of his application for employment.

52.   Federal regulations outline Defendant Trans Carriers, Inc.'s responsibilities to obtain a background check on Defendant Mason before hiring him as a driver.

53.   The Plaintiffs allege that Defendant Trans Carriers, Inc. failed to comply with these federal regulations outlining Defendant Trans Carriers, Inc.'s duty to conduct a background check on Defendant Mason before hiring him as a driver.

54.   As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Trans Carriers, Inc., Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

## XI.   COUNT VII – NEGLIGENT TRAINING
### (Defendant Trans Carriers, Inc.)

55.   The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

56.   Defendant Trans Carriers, Inc., as the owner and operator of a tractor-trailer company, owed Plaintiffs Shanks a duty of reasonable care when training its employees, with regard for the safety of others.

57.   Paragraph (a) of 49 CFR § 391.11 provides that a company such as Trans Carriers, Inc. shall not permit a person, like Defendant Mason, to drive a commercial motor vehicle, such as the subject tractor-trailer, unless that person is qualified to drive the commercial motor vehicle.

58.   Paragraph (b)(3) of CFR § 391.11 provides that to be qualified to drive a commercial motor vehicle, a person, like Defendant Mason, must, by extensive training, be able to safely operate the type of commercial motor vehicle, such as the subject tractor-trailer, that the person is driving.

59.   The Plaintiffs allege that before May 24, 2013, Defendant Trans Carriers, Inc. failed to train Defendant Mason extensively in the safe operation of the subject tractor-trailer.

60.   Defendant Trans Carriers, Inc.'s failure to extensively train Defendant Mason, and to ensure that he was qualified to drive the subject tractor-trailer, contravened Defendant Trans Carriers, Inc.'s duty to do so under 49 CFR § 390.11 and other applicable state law.

61.     Defendant Trans Carriers, Inc. failed to exercise reasonable care in training Defendant Mason, and said failure created a foreseeable risk of harm to members of the traveling public, like Plaintiffs.

62.     As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Trans Carriers, Inc., Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

## XII.     COUNT VIII – NEGLIGENT SUPERVISION
## (Defendant Trans Carriers, Inc.)

63.     The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

64.     Defendant Trans Carriers, Inc., as the owner of the subject tractor-trailer, owed Plaintiffs a duty of reasonable care when supervising its employees, such as Defendant Mason, with regard for the safety of others on the roadways.

65.     The Plaintiffs allege that Defendant Trans Carriers, Inc. failed to supervise Defendant Mason properly pursuant to Federal Motor Carrier Safety Regulations, and as a result Defendant Trans Carriers, Inc. breached its duty to adequately supervise its employee, Defendant Mason.

66.     As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Trans Carriers, Inc., Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries,

great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

XIII. **COUNT IX – NEGLIGENT ENTRUSTMENT**
**(Defendant Trans Carriers, Inc.)**

67.  The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

68.  Defendant Trans Carriers, Inc., conducting an activity through an employee, servant, or agent, such as Defendant Mason, is subject to liability for harm resulting from its employee's, servant's, or agent's conduct if the employer, master, or principal is negligent in the employment of an unqualified person or equipment in work that involves the risk of harm to others.

69.  It is a longstanding legal maxim that the operation of a tractor-trailer is work that involves the risk of harm to others.

70.  The Plaintiffs allege that Defendant Trans Carriers, Inc. should not have entrusted Defendant Mason with the subject tractor-trailer pursuant to Federal Motor Carrier Safety Regulations, and as a result Defendant Trans Carriers, Inc. breached its duty to Plaintiffs Shanks to entrust the subject tractor-trailer to an individual who is experienced, qualified and able to safely operate the subject tractor-trailer.

71.  As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Trans Carriers, Inc., Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

## XIV.    COUNT X – NEGLIGENT RETENTION
### (Defendant Trans Carriers, Inc.)

72.    The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

73.    Defendant Trans Carriers, Inc. negligently retained Defendant Mason to drive and/or operate its tractor-trailers upon the roadways of the Commonwealth of Virginia.

74.    The Plaintiffs allege that Defendant Trans Carriers, Inc. knew or should have known that during the course of his employment with Trans Carriers, Inc. that Defendant Mason was not qualified and lacked the ability to operate a commercial motor vehicle, but Defendant Trans Carriers, Inc. continued to retain Defendant Mason and allowed him to operate a commercial motor vehicle, like the subject tractor-trailer.

75.    As a result of Defendant Trans Carriers, Inc.'s negligent retention of Defendant Mason, it breached its duty to Plaintiffs to retain drivers that are competent to operate commercial motor vehicles, such as the subject tractor-trailer.

76.    As a direct and proximate result of the negligence, gross negligence, carelessness and wanton disregard of Defendant Trans Carriers, Inc., Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

## XV.   COUNT XI – PUNITIVE DAMAGES
### (Defendants Mason and Trans Carriers, Inc.)

77.   The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

78.   Defendant Mason operated the subject tractor-trailer vehicle in a negligent, grossly negligent, reckless, and/or wanton manner exhibiting a reckless disregard and flagrant indifference for the life, safety and property of others, including Plaintiffs, in causing the subject tractor-trailer crash, such that Defendant Mason is answerable in punitive damages.

79.   Defendant Trans Carriers, Inc. acted in a negligent, grossly negligent, reckless, and/or wanton manner by its unlawful and wrongful operation of the subject tractor-trailer on a Virginia roadway by its employee, agent, and/or servant at said time and place of the subject tractor-trailer crash.

80.   Defendant Trans Carriers, Inc.'s conduct directed at Plaintiffs, by and through its employee, agent, and/or servant, Defendant Mason, the driver of the subject tractor-trailer, was such that it is answerable to Plaintiffs Shanks in punitive damages.

81.   Defendant Trans Carriers, Inc.'s own actions in not properly maintaining its tractor-trailer, which actions contributed to the subject crash, and which failures were listed on the Traffic Collision Report, were such that Defendant Trans Carriers, Inc. is answerable to Plaintiffs Shanks in punitive damages.

82.   Additionally, at said time and place and all relevant times herein, Defendant Trans Carriers, Inc. should have anticipated the conduct of Defendant Mason, its employee, agent, and/or servant.

83.     As a direct and proximate result of the negligence, gross negligence, recklessness, carelessness and wanton disregard of Defendant Mason and Defendant Trans Carriers, Inc., Plaintiffs Shanks suffered and sustained serious multiple and permanent personal and bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for their enjoyment of a normal life.

84.     Both Defendant Trans Carriers, Inc. and Defendant Mason were negligent, grossly negligent, reckless, careless and exhibited a wanton disregard for the safety and wellbeing of Plaintiffs such that each are answerable in punitive or exemplary damages.

## XVI.  BAD FAITH
  **(Cherokee Insurance Company)**

85.     The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

86.     Defendant Cherokee had a duty to act in good faith, including but not limited to, promptly evaluating a claim.

87.     Defendant Cherokee's refusal to promptly evaluate constitutes a bad faith breach of Cherokee's duty to Plaintiffs.

88.     As a direct and proximate result of Defendant Cherokee's bad faith conduct the Plaintiffs have suffered emotional distress and have incurred additional expenses, including the necessity to file this lawsuit.

## XVII.  UNFAIR SETTLEMENT PRACTICES
### (Cherokee Insurance Company)

89.    The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

90.    Defendant Cherokee had a duty to act in accordance with KRS 304.12-230, the Kentucky Unfair Claims Settlement Practices Act.

91.    Liability on the part of Defendants Mason and Trans Carriers, Inc. is clear.

92.    As a direct and proximate result of Cherokee's violations of KRS 304.12-230 the Plaintiffs have suffered emotional distress and incurred additional expense.

93.    Defendant Cherokee's failure to effectuate prompt, fair and equitable settlement of Plaintiffs' bodily injury claims constitutes a violation of Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230.

94.    Defendant Cherokee has failed to make a good faith attempt to settle Plaintiffs' claims, singly or collectively, and such failure is without reasonable foundation, entitling Plaintiffs to prejudgment interest at the rate of twelve (12%) percent per annum and reasonable attorney's fees incurred, pursuant to KRS 304.12-235.

95.    Defendant Cherokee's failure to timely settle has caused Plaintiffs undue financial hardships and mental anguish.

96.    The conduct of Defendant Cherokee is such as to entitle Plaintiffs to punitive damages.

## XVIII.  VIOLATION OF KENTUCKY CONSUMER PROTECTION STATUTES
(Cherokee Insurance Company)

97.    The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth.

98.    Defendant Cherokee has violated the Kentucky Consumer Protection Statute, KRS 367.170, by engaging in unfair, false, misleading or deceptive acts or practices in the conduct of trade or commerce.

99.    As a result of Defendant Cherokee's violation of the Kentucky Consumer Protection Statutes, Plaintiffs are entitled to recover their damages, costs and attorney's fees pursuant to KRS 367.220.

## XIX.   PUNITIVE DAMAGES
(Cherokee Insurance Company)

100.   The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in the paragraphs above with the same force and effect as if herein set forth

101.   Defendant Cherokee's actions and violation complained of herein were willful, wanton, unlawful and fraudulent, so as to entitle the Plaintiffs to punitive damages from Cherokee.

102.   Defendant Cherokee acted willfully and wantonly, fraudulently and/or recklessly when it acted in bad faith and in violation of the Kentucky Unfair Claims Practices Act and/or the Kentucky Consumer Protection Statutes.

103.   As a result of Defendant Cherokee's willful and wanton, fraudulent and/or reckless conduct the Plaintiffs suffered damages and the Plaintiffs are entitled to punitive damages from Defendant Cherokee.

## XX. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, Kevin Shanks and Rebecca Shanks, pray for judgment against the Defendants and respectfully request the following:

1.   A trial by jury;

2.   A compensatory and punitive damages award, against the Defendants in favor of the Plaintiffs in a sum of money in excess of the jurisdictional limits of this Honorable Court, said amount to be, that which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

  a.   Past physical, mental and emotional pain, suffering and inconvenience;

  b.   Future physical, mental and emotional pain, suffering and inconvenience;

  c.   Permanent impairment of Plaintiffs' ability to earn money;

  d.   Past and future medical expenses and lost wages;

  e.   Increased likelihood of future complications;

  f.   Miscellaneous expenses incurred by the Plaintiffs including, but not limited to, travel expenses, necessitated by the negligent and/or grossly negligent acts or omissions of the Defendants; and,

  g.   Punitive damages.

3.   Pre-judgment and post-judgment interest;

4.      All of Plaintiffs' costs associated with this action;

5.      Reasonable attorney fees;

6.      Leave to amend their pleadings as necessary; and,

7.      Any and all other relief this Honorable Court deems fitting and proper to

which the Plaintiffs may be entitled.

**XXI.   JURY DEMAND**

The Plaintiffs respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

**THE LAW OFFICE OF JAMES M. WEST**

/s/ James M. West
**JAMES M. WEST (KBA 84584)**
157 Barnwood Drive, Suite 201
Edgewood, KY  41017
Phone:       (859) 341-0600
Fax:          (859) 341-1876
Email:        jim@jimwestlaw.com